```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION

VALOR TELECOMMUNICATIONS        §
SOUTHWEST, LLC, et al.,         §
                                §
            Plaintiffs,         §
                                §
VS.                             §  Civil Action No. 3:06-CV-2391-D
                                §
JULIE BURNETT, et al.,          §
                                §
            Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

Defendant Jerry Allen's ("Allen's") January 17, 2007 motion to stay, dismiss, or transfer in favor of prior pending federal lawsuit is granted to the extent that this lawsuit is stayed pending further order of the court.[*]

I

Plaintiffs Valor Telecommunications Southwest, LLC ("Valor") and Windstream Corporation f/k/a Valor Communications Group, Inc. ("Windstream") have filed a motion to vacate arbitration award. The underlying dispute arises from the alleged breach of a stock option agreement following the initial public offering of Windstream. Defendants—four former executive-level employees of

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Valor——initiated arbitration pursuant to the mandatory arbitration provision. On October 15, 2006 the arbitrator entered an interim award in defendants' favor. On November 16, 2006 defendants filed four separate lawsuits in the District Court for the Northern District of Oklahoma seeking confirmation of the award.

On December 27, 2006 Valor and Windstream appeared in each Oklahoma case and filed motions to dismiss for lack of personal jurisdiction and improper venue and to transfer venue. Valor and Windstream have operating subsidiaries in Oklahoma, and the issue for the Oklahoma court is whether the jurisdictional contacts of the subsidiaries can be attributed to Valor and Windstream for purposes of personal jurisdiction. On the same day they filed their Oklahoma motions, Valor and Windstream initiated this civil action by filing a motion to vacate the same arbitration award. Allen, who is one of the defendants here and a plaintiff in Oklahoma, moves to stay, dismiss, or transfer this case.

II

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).

"The rule rests on principles of comity and sound judicial administration." *Id.* (citing *Save Power*, 121 F.3d at 950; *W. Gulf Maritime Ass'n*, 751 F.2d at 728). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Maritime Ass'n*, 751 F.2d at 729 (citations omitted). When faced with duplicative litigation, "[i]n addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it. A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer." *Id.* at 729 n.1.

It is undisputed that defendants filed their motions to confirm the arbitration award in the Northern District of Oklahoma before Valor and Windstream filed their motion to vacate in this court. Both sides agree that the four cases filed in the Northern District of Oklahoma seeking to confirm the arbitration award are "related" to the present case, in which Valor and Windstream seek to vacate the same arbitration award. The Oklahoma cases involve the same parties and the same arbitration award as does this case. Additionally, both sides agree that this court should stay this proceeding until the Northern District of Oklahoma dismisses or transfers the actions pending there.

III

Accordingly, the court orders that this action and plaintiffs' February 23, 2007 motion to vacate final arbitration award are stayed pending the resolution of the motions to dismiss or transfer venue in the Oklahoma cases. The clerk of court is directed to close this case for statistical purposes and to terminate statistically plaintiffs' February 23, 2007 motion to vacate final arbitration award. Defendants are not required to respond to plaintiffs' motion to vacate final arbitration award during the pendency of the stay. Any party may move the court to reopen the case statistically and lift the stay for cause shown.

**SO ORDERED.**

March 13, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE